# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re**

GREGORY ALLEN
McCLELLAND and DEBRA
JEAN McCLELLAND,

**Debtors.**

**Case No. 07-40300**

**Chapter 7**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Jay Kohler, Idaho Falls, Idaho, Attorney for Debtors.

    Jim Spinner, SERVICE, SPINNER & GRAY, Pocatello, Idaho, Attorney for Trustee.

### *Introduction*

In this case, the Court must consider whether, under Idaho law, an individual retirement account inherited by the debtor from a non-spouse

MEMORANDUM OF DECISION - 1

decedent may be exempted from the debtor's bankruptcy estate.

Debra J. McClelland and her husband, Gregory A. McClelland, jointly filed for chapter 7[1] relief on April 26, 2007. Debtors listed an "IRA (US Bank)" with a current value of $40,000 on schedule B, and claimed the IRA exempt pursuant to Idaho Code § 55-1011 on schedule C. Docket No. 1. Chapter 7 trustee, R. Sam Hopkins ("Trustee"), objected to the exemption contending that the IRA was in the nature of an inheritance and not covered by the exemption statute listed. Docket No. 14. In response, Debtors filed an amended schedule C to instead claim the IRA exempt under Idaho Code §§ 11-604A(5) and 55-1011. Docket No. 17. Trustee renewed his objection on the same grounds, again insisting that the IRA was not covered by either statute. Docket No. 23.

On December 19, 2007, the Court conducted a hearing concerning

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005), and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION - 2

Trustee's objection to the exemption claim. Docket No. 23. At that hearing, Ms. McClelland, testified under examination by the parties' counsel. An affidavit of an agent of Westmark Credit Union, Docket No. 32, and documentary exhibits A-K, Docket No. 33, were admitted into evidence by stipulation. Counsel then presented argument and the Court took the issues under advisement. After due consideration of the record in this case, the testimony and evidence submitted at the hearing, the arguments of counsel, and the applicable law, this Memorandum constitutes the Court's findings of fact and conclusions of law, and disposition of the issues. Fed. R. Bankr. P. 9014; 7052.

*Facts*

On March 6, 1984, Carol Morrow established a traditional individual retirement account at Westmark Credit Union. She designated her niece, Debra McClelland, as the sole beneficiary of her IRA. Over time, Carol

Morrow made contributions to the IRA.[2] In January, 2006, Ms. Morrow passed away at the age of 66. At the time of her death, her IRA had a value of $38,418.72.

As the sole beneficiary of her aunt's IRA, Ms. McClelland requested that Westmark pay her the funds in the account.[3] She testified that the assistant manager of the credit union, Janice Stearns, told her that if she cashed out the IRA, she would incur an early withdrawal penalty and the funds would also be subject to income tax.[4] According to Ms. McClelland,

---

[2] From the record, it also appears that Carol Morrow took one or more distributions from her IRA. On November 16, 1998, she took a $3,300 distribution; it is unclear whether she took additional distributions. According to IRS regulations, she was eligible to receive distributions from her account without incurring a 10% early withdrawal penalty on October 25, 1998, when she reached age 59 1/2. However, because Carol Morrow had not yet reached age 70 1/2, she was not required to begin taking distributions from her IRA. *See* Internal Revenue Service Publication 590, *Individiual Retirement Arrangements*.

[3] Ms. McClelland was 53 years of age when Ms. Morrow passed away and she became entitled to the IRA assets.

[4] Contrary to the position taken by Westmark, it appears that as the beneficiary of a decedent's IRA, Debra McClelland could have "cashed out" the IRA without incurring an early withdrawl penalty. *See* 26 U.S.C. § 72(t)(2). The rules pertaining to distribution upon the death of an IRA owner are set out in

MEMORANDUM OF DECISION - 4

Ms. Stearns explained that the taxes and penalties would amount to about half of the balance in the account. Notwithstanding the tax implications, Ms. McClelland asked for the money so that she could set up a separate savings account. She testified that, despite this request, Westmark "refused" to give her the funds.

Ms. McClelland then asked to open a "beneficiary IRA" account at the credit union, and to have Westmark roll the funds in her aunt's IRA account into this new beneficiary IRA. Ms. Stearns explained that under the credit union's policies, it could not grant this request. Docket No. 32.

Thereafter, on March 1, 2006, Ms. McClelland established an IRA with U.S. Bank under the name "Debra J. McClelland ABO Carol

---

26 C.F.R. 1.408-2. Under these regulations, the entire balance of the IRA "must, within 5 years after [Carol Morrow's] death . . . be distributed or applied to the purchase of an immediate annuity for [the] beneficiary . . . which will be payable for the life of such beneficiary . . . and which annuity contract will be immediately distributed to such beneficiary." 26 C.F.R. 1.408-2(b)(7)(i). If a beneficiary elects to purchase an annuity in accordance with these rules, the entire balance will not be included in gross income of the beneficiary upon distribution, but rather will be taxed as distributions are received by the beneficiary in accordance with section 1.408-4(e). *Id.*

MEMORANDUM OF DECISION - 5

Morrow." She directed Westmark to transfer the funds in her deceased aunt's IRA into this account. Ex. D. On March 10, 2006 Westmark sent its cashier's check to U.S. Bancorp in the amount of $38,412.72, the entire balance of Carol Morrow's IRA. Ex. E. On March 28, 2006, Ms. McClelland used this entire balance, through her beneficiary IRA, to purchase an annuity with Transamerica Life Insurance Company. Ex. H. Under the terms of the annuity, Ms. McClelland is required to take annual distributions.[5]

*Discussion*

Upon the commencement of a bankruptcy case, all property in which a debtor has a legal or an equitable interest becomes property of the bankruptcy estate. 11 U.S.C. § 541. However, a debtor may exempt

---

[5] Debra McClelland testified that she received one distribution in the amount of $1,188 in 2006, prior to Debtors' bankruptcy filing. A second distribution was scheduled to occur in June, 2007, but was delayed at Ms. McClelland's request until December 27, 2007. At the hearing, Ms. McClelland indicated that when that distribution is received, she would deliver it to her attorney to hold in trust pending the outcome of this dispute. No evidence was offered concerning the amount of any future annual distributions.

MEMORANDUM OF DECISION - 6

certain types of property from administration by the trustee in that case. *In re Katseanes*, __ I.B.C.R. __, 2007 WL 2962637 *4 (Bankr. D. Idaho 2007). Under § 522(b)(2), a state may opt-out of the Federal bankruptcy exemption scheme provided in § 522(d). "Idaho has opted out, and its law specifically precludes a debtor's use of the federal exemption scheme." *In re Almgren*, __ I.B.C.R. __, 2007 WL 4285373 *2 (Bankr. D. Idaho 2007); Idaho Code § 11-609. As a result, Idaho debtors are limited to the exemptions allowed by Idaho law. *In re Skaar*, 98.1 I.B.C.R. 13, 13 (Bankr. D. Idaho 1998).

Trustee, as the objecting party, bears the burden of proving Debtors' claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005). Exemption statutes are to be liberally construed in favor of the debtor. *Dudley v. Anderson (In re Dudley)*, 249 F.3d 1170, 1176 (9th Cir. 2001); *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001). "However, the statutory language may not be 'tortured' in the guise of

MEMORANDUM OF DECISION - 7

liberal construction." *In re Wiley*, 352 B.R. 716, 718 (Bankr. D. Idaho 2006) (citing *In re Collins*, 97.3 I.B.C.R. 78, 79 (Bankr. D. Idaho 1997).

Debtors have claimed the inherited IRA as exempt under both Idaho Code § 11-604A(5) and § 55-1011.  The Court will address each statutory provision in turn.

Idaho Code § 11-604A provides, in relevant part:

> (1) It is the policy of the state of Idaho to ensure the well-being of its citizens by protecting retirement income to which they are or may become entitled. . . .
>         . . .
> (3) The right of a person to a pension, annuity, or retirement allowance or disability allowance, or death benefits, or any optional benefit, or any other right accrued or accruing to any citizen of the state of Idaho under any employee benefit plan, and any fund created by the benefit plan or arrangement, shall be exempt from execution, attachment, garnishment, seizure, or any other levy by or under any legal process whatever. . . .
>
> (4) For the purposes of this section, the term "employee benefit plan" means:
>             . . .
>       (b) Any plan or arrangement,

MEMORANDUM OF DECISION - 8

>  > whether funded by a trust, an annuity contract, an insurance contract, or an individual account, that is described in sections 401(a), 403(a), 403(b), 408, 408A or 457 of the Internal Revenue Code of 1986, as amended , or section 409 of the Internal Revenue Code as in effect before January 1, 1984. . . .
>
> (5) An employee benefit plan shall be deemed to be a spendthrift trust, regardless of the source of funds, the relationship between the beneficiary and the trustee or custodian of the plan, or the ability of the debtor to withdraw, borrow, or otherwise become entitled to benefits from the plan before retirement.

Idaho Code § 11-604A.

In drafting this exemption, the Idaho legislature painted with a broad brush. In addition to insulating from seizure by creditors rights in pensions, annuities, retirement or disability allowances, death benefits, and optional benefits, it also protects "any other right accrued or accruing *to any citizen of the state of Idaho under any employee benefit plan*, and any fund created by the benefit plan or arrangement, shall be exempt from

MEMORANDUM OF DECISION - 9

execution, attachment, garnishment, seizure, or other levy or any legal process whatever." Idaho Code § 11-604A(3) (emphasis added).

For the purposes of this exemption statute, "employee benefit plan" is defined expansively to include "any plan or arrangement" that is "described" in one of six sections in the Internal Revenue Code. *See* Idaho Code § 11-604A(4)(b). Among the sections listed is § 408, which provides for the establishment and operation of individual retirement accounts. The evidence shows that Carol Morrow was the owner of a traditional IRA established in accordance with § 408 of the Internal Revenue Code. Thus, under Idaho law, Carol Morrow's IRA account was an "employee benefit plan" for purposes of Idaho Code § 11-604A.

At the hearing, Trustee's counsel conceded that the IRA would have been exempt in the hands of Carol Morrow, as the owner and sole contributor to the account. The question before this Court, however, is whether the funds in the account retained their exempt status when distributed to Debra McClelland, as the designated beneficiary of the

MEMORANDUM OF DECISION - 10

account. Trustee insists that this statute was designed by the legislature solely to protect retirement money earned and held by the account owner (*i.e.* in the words of the Legislature, funds to be used as "retirement income" by their owner). In Trustee's opinion, the exemption statute was not intended to protect funds inherited by a beneficiary, who may or may not intend to use the money as retirement income. Debtors urge that there is no such limitation in the statute, and that the Court should not imply one.

In Idaho, as is the general rule, "'[s]tatutory interpretation begins with the words of the statute, giving the language its plain, obvious, and rational meanings.'" *In re Lares*, 188 F.3d 1166, 1169 (9th Cir. 1999) (quoting *State of Idaho v. Hagerman Water Rights Owners, Inc. (In re SRBA)*, 947 P.2d 400, 405 (Idaho 1997)). If a statute is clear and unambiguous, the Court need only apply the statute according to its terms without engaging in statutory interpretation. *Wolfe v. Farm Bureau Ins. Co.*, 913 P.2d 1168, 1174 (Idaho 1996). Unless the result of a particular interpretation of a

MEMORANDUM OF DECISION - 11

statute is "palpably absurd," it must be assumed that the legislature meant what it stated in the statute. *Rim View Trout Co. v. Higginson*, 828 P.2d 848, 851 (Idaho 1992).

The Idaho legislature chose not to limit the scope of protection to retirement account owners only. Rather, through the exemption statute, it extended protection to "*any* citizen of the state of Idaho under *any* employee benefit plan." Idaho Code § 11-604A(3) (emphasis added). Debra McClelland, an Idaho citizen, acquired her rights in the IRA funds by reason of Carol Morrow's election to designate her as the beneficiary of her IRA. When Ms. Morrow died, under the terms of the account and applicable law, Debra McClelland's rights in the IRA automatically vested. Accordingly, Ms. McClelland's rights to the IRA assets "accrued . . . under [an] employee benefit plan" and the assets are therefore exempt.

Had the legislature intended to limit the scope of this exemption to only those funds held by the person who contributed them to the account,

MEMORANDUM OF DECISION - 12

it certainly could have done so. For whatever reason, the legislature chose not to impose such a limitation. This Court will not substitute its judgment for that of the legislature. *Turner Broadcasting System, Inc. v. F.C.C.*, 520 U.S. 180, 212 ("[The courts] are not at liberty to substitute our judgment for the reasonable conclusion of a legislative body.")

This result is also consistent with the stated policy of Idaho, "to ensure the well-being of its citizens by protecting retirement income to which they are or may become entitled." Idaho Code § 11-604A(1). The statute is intended to protect all citizens, not only pension holders and IRA owners. Moreover, to benefit from this exemption statute, a person need not actually earn the funds deposited in the retirement account or plan. All retirement income to which a person "may become entitled" is exempt. The funds at issue here were, without question, Carol Morrow's retirement income, to which Debra McClelland became entitled.

It is true that, of the several other bankruptcy courts that have decided whether inherited IRAs are exempt from administration by a

MEMORANDUM OF DECISION - 13

bankruptcy trustee, most have disallowed the exemption claim. *See, e.g., In re Kirchen*, 344 B.R. 908 (Bankr. E.D. Wis. 2006); *In re Navarro*, 332 B.R. 24 (Bankr. M.D. Ala. 2004); *In re Greenfield*, 289 B.R. 146 (Bankr. S.D. Cal. 2003); *In re Sims*, 241 B.R. 467 (Bankr. N. D. Okla. 1999); *see also In re Taylor*, 2006 WL 1275400 (Bankr. C.D. Ill. 2006). However, in each case, the courts astutely recognized that whether an inherited IRA is exempt hinges on an examination of the particular language of the statute under which the exemption is claimed. *See, e.g., In re Kirchen*, 344 B.R. at 911 ("The analysis must necessarily turn on an examination of the language found in the [applicable state] exemption statute."). Our review of the case law shows that Idaho Code § 11-604A is much broader than the statutes at issue in those cases, and thus each case can be distinguished.

MEMORANDUM OF DECISION - 14

*Conclusion*

Employing a plain reading of Idaho Code § 11-604A, the assets held in Ms. McClelland's inherited IRA account are exempt.[6] Trustee's

---

[6] Debtors also urged that, under these facts, an application of Idaho Code § 55-1011 leads to the same conclusion. That statute provides, in pertinent part:

> any money or other assets payable to a participant or beneficiary from or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under sections 401(a), 403(a), 403(b), 408, 408A, or 409 of the internal revenue code, as amended, is exempt from all claims of judgment creditors of the beneficiary or participant arising out of a negligent or otherwise wrongful act or omission of the beneficiary or participant resulting in monetary damages to the judgment creditor.

Idaho Code § 55-1011(1).

This provision is not nearly as broad as Idaho Code § 11-604A – retirement plan assets are shielded only from the "claims of judgment creditors . . . *arising out of* a negligent or otherwise wrongful act or omission of the beneficiary or participant resulting in monetary damages to the judgment creditor." (emphasis added). Trustee, objecting to Debtors' exemptions in his representative role, does not stand in the shoes of such judgment creditors. In addition, no evidence was offered to show that any of the actual claims of creditors in this bankruptcy case are for damages arising from Ms. McClelland's negligence or wrongful acts or omissions. Idaho Code § 55-1011 has no application to these facts.

MEMORANDUM OF DECISION - 15

objection to the exemption claim shall be disallowed by separate order.

Dated: January 7, 2008

*[signature]*

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 16